UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| FLORENCE HOROWITZ, ARNOLD HOROWITZ, AND RUTH ANN BABCOCK individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>DAVOL, INC., and C. R. BARD, INC.,<br><br>Defendants. | : | 07-CV-2392 (RJD)(VVP)<br><br>**ANSWER OF DAVOL INC. AND C.R. BARD, INC.** |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through their counsel, answer the plaintiffs' Complaint (the "Complaint") as follows:

**NATURE OF THE CASE**

1. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

2. Bard and Davol admit that Davol is incorporated under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920 where in the past it conducted limited manufacturing of the Composix® Kugel® Hernia Patch. Answering further, Bard and Davol admit that part of Davol's medical device business focuses on hernia repair prosthetics, including the Composix® Kugel® Hernia Patch.

3. Bard and Davol admit that Bard is incorporated under the laws of the State of New Jersey, and that Davol is its subsidiary. Bard and Davol deny the remaining allegations in Paragraph 3.

4. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "researched," "tested," "advertised," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

5. Bard and Davol deny the allegations as phrased. Bard and Davol admit that on three occasions it voluntarily recalled certain larger-sized Composix® Kugel® Hernia Patches for the potential for PET memory recoil ring breakage.

6. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

7. Denied.

8. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

9. Bard and Davol admit that at various times Davol designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in this paragraph, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

10. Bard and Davol admit that at various times Davol manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "delivery" beyond the meaning of distributed which has already been admitted so they deny these allegations. As to the

remaining allegations in this paragraph, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

11. Bard and Davol admit that Davol submitted a 510k Application on October 23, 2000. On January 22, 2001, the federal Food and Drug Administration approved Davol's Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

## JURISDICTION

12. Bard and Davol admit that the requirements of 28 U.S.C. § 1332 have been satisfied. Bard and Davol deny that this Court is the proper forum for these cases or that consolidated or class action treatment is appropriate.

## PARTY PLAINTIFFS AND PLAINTIFF CLASS MEMBERS

13. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 13 and therefore deny the allegation.

14. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 14 and therefore deny the allegation.

15. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 15 and therefore deny the allegation.

16. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 16 and therefore deny the allegation.

17. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

18. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

19. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 19 and therefore deny the allegation.

20. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 20 and therefore deny the allegation.

21. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 21 and therefore deny the allegation.

22. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 22 and therefore deny the allegation.

23. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

24. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## PARTY DEFENDANTS

25. Admitted.

26. Davol solicits and sells medical devices, including the Composix® Kugel® Hernia Patch to licensed healthcare professionals throughout the United States, including the State of New York.

27. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Davol denies the allegation. Davol admits that at various times it designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information, and that it earned revenue from sales in New York.

28. See response to Paragraph 27. Answering further, Davol states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and

contains a legal conclusion which does not call for a response. To the extent that a response is required, Davol denies the allegation. As to the remaining allegations, Davol is unable to respond as they are unintelligibly overbroad. To the extent that a response is required, Davol denies the allegations.

29. Bard and Davol admits that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "research[ed],""test[ed]," "advertise[d]," or "promote[d]" beyond the meanings of manufactured and marketed which have already been admitted so they deny the allegations.

30. Admitted.

31. Bard solicits and sells medical devices to licensed healthcare professionals throughout the United States, including the State of New York.

32. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. To the extent that a response is required, Bard denies the allegation. Bard does admit that at various times its subsidiary Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

33. See response to Paragraph 32. Answering further, Bard states "substantial revenue from interstate commerce," to the extent it has any meaning, is a legal term of art and contains a legal conclusion which does not call for a response. To the extent that a response is required, Bard denies the allegation. As to the remaining allegations, Bard is unable to respond

as they are unintelligibly overbroad. To the extent that a response is required, Bard denies the allegations.

34. Bard does admit that at various times its subsidiary Davol sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information.

**FACTUAL BACKGROUND**

35. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "researched," "tested," "advertised," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

36. Bard admits that in 1980 it acquired Davol, and that Davol is its subsidiary.

37. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2004 the entirety of its surgical specialty business segment had sales of approximately $313,300,000.00.

38. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel® Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2005 the entirety of its surgical specialty business segment had sales of approximately $330,200,000.00.

39. Bard states that its Surgical Specialties business segment includes all soft tissue repair, performance irrigation, and hemostasis product lines, and that the Composix® Kugel®

Hernia Patch is merely one product within the soft tissue repair sub-segment. Answering further, Bard admits that in 2006 the entirety of its surgical specialty business segment had sales of approximately $357,400,000.00.

40. Bard and Davol state that this allegation as currently worded is unintelligible, and therefore are unable to respond accordingly. To the extent a response is required, Bard and Davol deny the allegation.

41. Bard and Davol admit that the federal Food and Drug Administration approved the marketing of the Composix® Kugel® Hernia Patch on January 22, 2001 to prescribing physicians in accordance with its accompanying labeling information based on Davol's premarket submission.

42. Bard and Davol admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

43. Bard and Davol admit that the Composix® Kugel® Hernia Patch is a self-expanding, nonabsorbable, sterile prosthesis indicated for use in the reconstruction of soft tissue deficiencies such as ventral or incisional hernias. The patented monofilament ring adds stability to the device, facilitating placement and assurance in the proper placement of the patch while the polypropylene monofilaments encourage a prompt fibroblastic response through the interstices of the mesh reducing the risk of hernia recurrence.

44. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005 and early 2006. Bard and Davol further state these products have since been returned to the market with FDA approval. Bard and

Davol further admit that the FDA categorizes a "Class I" recall as potentially life threatening or posing a potential for serious bodily harm.

45. Denied. Bard and Davol state that the FDA's December 22, 2005 Class I recall information sheet reads: "The 'memory recoil ring' that opens the Bard® Composix® Kugel® Mesh Patch can break under the stress of placement of the large sized products in the intra-abdominal (inside the belly area) space. This can lead to bowel perforations (rupture) and/or chronic (recurring) intestinal fistulae (abnormal connections or passageways between the intestines and other organs)."

46. Bard and Davol admit that on March 24, 2006, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Bard and Davol further state these products have since been returned to the market with FDA approval.

47. Bard and Davol admit that on January 10, 2007, the initial recall was expanded to include additional Composix® Kugel® Patch product types. Bard and Davol further state these products have since been returned to the market with FDA approval.

48. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

55. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

56. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

57. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

58. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

59. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

60. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## CLASS ACTION ALLEGATIONS

61. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

62. Bard and Davol state that class consolidation is inappropriate as a general proposition, and specifically here given that the proposed class outlined in Paragraph 62 (a) through (d) fails to satisfy the requirements imposed by Fed. R. Civ. P. 23.

63. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

64. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

65. Bard and Davol admit that Davol maintains records of its shipments to healthcare providers who were sold the Composix® Kugel® Patch for use in accordance with its accompanying labeling information. Bard and Davol further admit that as part of its voluntary recall efforts Davol has maintained records of the return of any recalled product and from where it was returned. Answering further, Bard and Davol state that Davol is not required nor has it maintained any records as to the numbers of voluntarily recalled Composix® Kugel® Patches that were or are currently implanted in individuals. This information is in the custody and control of third parties to which Bard and Davol have no control over.

66. This paragraph and its subparts (a) through (cc) state a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph, and specifically denies that the questions enumerated are common to all or any meaningful subset of the putative class members.

67. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph, and in particular denies that the facts, circumstances, legal issues, and interests of the plaintiffs adequately represent the putative class or any meaningful subset thereof.

68. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph, and in particular denies that the facts, circumstances, legal issues, and interests of the plaintiffs adequately represent the putative class or any meaningful subset thereof.

69. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

70. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. Bard and Davol further deny that they have a list of individual recipients of the Composix® Kugel® Patch.

**FIRST CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(NEGLIGENCE AND NEGLIGENCE PER SE)**

71. In response to Paragraph 71 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

72. Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "researched," "tested," "advertised" and "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. The remaining allegations state a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

73. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

74. This paragraph and its subparts (a) through (p) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

75. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

76. This paragraph and its subparts (a) through (g) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

77. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

78. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

79. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 92 and therefore deny the allegation.

80. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

81. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

82. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**SECOND CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(STRICT PRODUCTS LIABILITY)**

83. In response to Paragraph 84 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

84. Bard and Davol admit that at various times Davol designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "researched," "tested," "advertised," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations. As to the remaining allegations in this paragraph, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

85. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 85 and therefore deny the allegation.

86. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

87. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

88. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

89. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 99 and therefore deny the allegation.

90. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

91. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 91 and therefore deny the allegation.

92. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

93. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

94. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

95. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

96. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

97. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

98. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

99. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

100. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

101. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

102. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

103. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

104. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

105. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

106. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

107. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**THIRD CAUSE OF ACTION**
**AS AGAINST THE DEFENDANTS**
**(BREACH OF EXPRESS WARRANTY)**

108. In response to Paragraph 108 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

109. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

110. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

111. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 111 and therefore deny the allegation.

112. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 112 and therefore deny the allegation.

113. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

114. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

115. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

116. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

117. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

118. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

## FOURTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (BREACH OF IMPLIED WARRANTIES)

119. In response to Paragraph 119 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

120. Bard and Davol admit that at various times Davol manufactured, distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information for the repair of ventral and incisional hernia defects. Bard and Davol do not know what is meant by "compounded," "portrayed," "recommended," "merchandized," "advertised," or "promoted" beyond the meanings of manufactured and marketed which have already been admitted so they deny these allegations.

121. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

122. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

123. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

124. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 124 and therefore deny the allegation.

125. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 125 and therefore deny the allegation.

126. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

127. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

128. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

129. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

130. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**FIFTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT MISREPRESENTATION)**

131. In response to Paragraph 131 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

132. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

133. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

134. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

135. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

136. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

137. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 137 and therefore deny the allegation.

138. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

139. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

140. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

141. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

142. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

143. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## SIXTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (FRAUDULENT CONCEALMENT)

144. In response to Paragraph 144 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

145. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

146. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

147. This paragraph and its subparts (a) through (k) state a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

148. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

149. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

150. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

151. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

152. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

153. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

154. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

155. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**SEVENTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (NEGLIGENT MISREPRESENTATION)**

156. In response to Paragraph 156 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint..

157. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

158. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

159. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

160. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

161. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

162. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

163. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**EIGHTH CAUSE OF ACTION AS AGAINST DEFENDANTS (FRAUD AND DECEIT)**

164. In response to Paragraph 164 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

165. Bard and Davol state that this allegation as currently worded is unintelligible, and therefore are unable to respond accordingly. To the extent a response is required, Bard and Davol deny the allegation.

166. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

167. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

168. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

169. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

170. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

171. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

172. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

173. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

174. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

175. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

176. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

177. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

178. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

179. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

180. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

181. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.'

182. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

183. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

184. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 184 and therefore deny the allegations.

185. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185 and therefore deny the allegations.

186. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 186 and therefore deny the allegations.

187. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187 and therefore deny the allegations.

188. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

189. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

190. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

191. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph..

**NINTH CAUSE OF ACTION AS AGAINST THE DEFENDANTS (LOSS OF CONSORTIUM)**

192. In response to Paragraph 192 of the Complaint, Bard and Davol incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

193. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193 and therefore deny the allegations.

194. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Bard and Davol in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiffs' claims against Bard and Davol in whole or in part.

4. Plaintiffs' Complaint should be dismissed under the doctrine of *forum non conveniens*.

5. Plaintiffs' Complaint has been improperly brought in the Eastern District of New York as it is an improper venue necessitating transfer to the proper venue(s).

6. Plaintiffs' allegations fail to meet the requirements outlined in Fed. R. Civ. P. 23.

7. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

8. Plaintiffs', or their agents', including his physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiffs' claims in whole or in part.

9. If plaintiffs used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

10. Any alleged negligent or culpable conduct of Bard and Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged injuries.

11. Plaintiffs are responsible, in whole or in part, for any injuries they suffered as a result of their own negligence and their acts or omissions and therefore plaintiffs' right to recover is diminished in an amount based upon their individual relative degree of fault.

12. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiffs' claims.

13. The learned intermediary doctrine bars plaintiffs' claims.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

15. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

16. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

17. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

18. If plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

19. Plaintiffs' claims are barred, in whole or in part, because plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

21. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

22. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative/contributory negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs received from collateral sources.

25. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

27. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's and Davol's due process, equal protection and other rights under the United States Constitution, the New York Constitution, and any other applicable law.

28. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under New York law and/or other applicable laws.

29. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Bard and Davol hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Dated: New York, New York
July 16, 2007

PEPPER HAMILTON, LLP

By: ______________________
Samuel J. Abate, Jr. (SA 0915)
420 Lexington Avenue
Suite 2320
New York, New York 10170-2399
(212) 808-2706
(866) 738-9621 (fax)
abates@pepperlaw.com

and

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Michael L. Junk
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for Defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2007, a copy of the foregoing Answer and Affirmative Defenses was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

Michael London, Esq.
DOUGLAS & LONDON, P.C.
111 John Street, Suite 1400
New York, New York 10038

*via electronic notice and first-class mail*

Samuel J. Abate, Jr.